UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALLY LIPSTEIN

       Plaintiff,

v.

                                    Case No. 8:09-CV-947-T-24EAJ

UNITED STATES OF AMERICA,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Temporary Restraining Order. (Doc. No. 6). For the reasons stated below, the motion is denied.

Plaintiff Sally Lipstein filed suit against the United States, in which she seeks, among other things, to enjoin the United States from collecting a levy imposed on her annuity account. In the instant motion for a temporary restraining order, Plaintiff argues that the Court should temporarily restrain the United States from execution of the levy on her annuity account pending a hearing and disposition of her contemporaneously filed motion for preliminary injunction. She bases her motion for a temporary restraining order on 26 U.S.C. § 6332, which provides the following:

> [A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a).

Plaintiff argues that the United States cannot execute the levy on her annuity account because it is subject to attachment by the United States District Court for the Eastern District of New York. Specifically, she cites to a restitution order issued by that court in a criminal case against her husband. Paragraph 2 of the restitution order provides the following:

> The Defendant [Plaintiff's husband] shall also pay the Clerk of the Court the sum of $4,000.00 on or before the first of each month, starting on August 1, 2007, and continuing until July 1, 2017, or such earlier date as payments are no longer owing to Sally Lipstein [Plaintiff] or her beneficiaries from her annuity with The Hartford.

(Doc. No. 1, Ex. D).

In order to obtain a temporary restraining order, Plaintiff must show: (1) that she has a substantial likelihood of success on the merits, (2) that she will suffer irreparable harm unless the relief is granted, (3) that the threatened injury outweighs any harm to Defendant, and (4) that a temporary restraining order will serve the public interest. See Schiavo ex re. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005)(citation omitted). Plaintiff has not made such a showing, as she has not shown that she has a substantial likelihood of success on the merits.

In order to prevent the IRS' execution of the levy, Plaintiff must show that her annuity account is subject to an attachment or execution under any judicial process. Plaintiff, however, has not done so. The Court rejects Plaintiff's argument that the restitution order constitutes judicial attachment, because, despite the fact that paragraph 2 of the restitution order references Plaintiff's annuity account, that paragraph does not seize the funds in the annuity account. Instead, that paragraph recognizes that Plaintiff is entitled to annuity payments from the annuity account and imposes an obligation on **Plaintiff's husband** to make monthly restitution payments

(presumably using the annuity payments).  Even though the restitution order appears to anticipate that payments from Plaintiff's annuity account will be used to pay her husband's restitution obligation, such anticipation is not equivalent to seizing the funds in Plaintiff's annuity account.

Furthermore, the Court notes that Plaintiff cites <u>Atkins v. U.S. ex rel. C.I.R.</u>, 2007 WL 752191 (D. S.C. March 7, 2007), in support of her argument that she has a substantial likelihood of success on the merits.  Specifically, Plaintiff states that in <u>Atkins</u>, the court granted a temporary restraining order where the assets to be levied were subject to the attachment of a marital arbitration award.  (Doc. No. 8, p. 4-5).  However, nowhere in <u>Atkins</u> is there any mention of a motion for a temporary restraining order.  Furthermore, the court in <u>Atkins</u> found that the IRS could levy the escrow account at issue in the case.  As such, Plaintiff's reliance on <u>Atkins</u> is clearly misplaced, as it offers absolutely no support for her position in this case.

Accordingly, the Court finds that Plaintiff has not shown that she is entitled to a temporary restraining order.  As such, her motion for a temporary restraining order (Doc. No. 6) is **DENIED**.

The Court notes that she has also filed a motion for preliminary injunction.  (Doc. No. 7).  The United States has not yet appeared in this case, and it is unclear to this Court as to whether the United States was ever properly served with the summons and complaint as required by Federal Rule of Civil Procedure 4(i)(1).[1]  As such, Plaintiff is directed to file proper proof of service of the summons and complaint with this Court by ***July 16, 2009***, or the Court will

---

[1]Specifically, it is unclear as to whether Plaintiff complied with Rule 4(i)(1)(B) and (C).

3

terminate the motion for preliminary injunction without further notice (with leave to re-file after proper service).

**DONE AND ORDERED** at Tampa, Florida, this 30th day of June, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record